**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **SLOAN HAMIL,** *et al.***,** | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **vs.** | )   **CIVIL ACTION NO. 22-00366-KD-B** |
| | ) |
| **ACTS RETIREMENT-LIFE** | ) |
| **COMMUNITIES, INC.,** *et al.***,** | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This action is before the Court upon *sua sponte* review of the complaint filed by Plaintiffs Sloan Hamil, Katherine L. Howerin, Jennifer Sigley, and Tina Wolfe (doc. 1).  Plaintiffs allege that Defendants violated Title VII of the Civil Rights Act of 1964 (Counts I through IV) and certain state laws (Counts V through XV).

I. <u>Analysis</u>

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Rule 8(a)(2)'s purpose is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (quotation omitted).  "[T]his rule aims to enable the responding party to identify the pleader's claim, frame a responsive pleading, and to permit the court to determine which facts are intended to support which claims." <u>Pouyeh v. Pub. Health Tr. of Jackson Health Sys.</u>, 832 F. App'x 616, 622–23 (11th Cir. 2020) (per curiam).  "When a plaintiff files a shotgun pleading, he fails to satisfy these basic requirements.  Such a pleading is never plain because it is impossible

to comprehend which specific factual allegations the plaintiff intends to support which of his causes of action, or how they do so." Est. of Bass v. Regions Bank, Inc., 947 F.3d 1352, 1358 (11th Cir. 2020).

The Eleventh Circuit has roughly identified four broad categories of shotgun pleadings:

(1) those in which "each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;"

(2) those that do not re-allege all preceding counts but are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;"

(3) those that do not separate each cause of action or claim for relief into a different count; and

(4) those that assert "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."

Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1321-23 (11th Cir. 2015). Although there are different types of shotgun pleadings, their "unifying characteristic . . . is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Id. at 1323.

Plaintiffs' complaint falls into the first shotgun pleading category because it makes the fundamental error of incorporating all paragraphs in each count, thus "causing each successive count to carry all that came before and the last count to be a combination of the entire complaint." See Weiland, 792 F.3d at 1321. This manner of pleading "imposes a heavy burden on the trial court, for it must sift each count for the allegations that pertain to the cause of action purportedly stated and, in the process, disregard the allegations that only pertain to the incorporated counts." U.S. ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006).

For example, Plaintiffs "incorporate" all the preceding paragraphs that form their four counts brought pursuant to Title VII[1] into their claim of "Violation of Alabama State Law" in Count V (doc. 1, p. 83).

Even if Plaintiffs had not incorporated all paragraphs in each count, discerning the precise factual basis for each Plaintiff's claims in this case would be nearly impossible. The complaint is oppressively and unnecessarily long, consisting of 105 pages composed of 358 numbered paragraphs. The complaint is verbose, repetitive, and conclusory, making it extremely difficult to review. The complaint contains adjectives, labels,[2] conclusions, and immaterial factual details that significantly increase the length and repetitiveness of the complaint without adding any factual substance to Plaintiffs' claims. Furthermore, the complaint contains numerous legal citations and legal arguments, as in the "Background" section and certain subparagraphs in the "Facts" section (doc. 1, p. 33-47),[3] that are inappropriate in a complaint.

---

[1] "Defendant's Failure to Accommodate – Religious Discrimination" (Count I), "Defendant's Disparate Treatment – Religious Discrimination" (Count II), "Defendant's Creation of a Hostile Work Environment" (Count III), and "Defendants' Harassment on Religious Grounds" (Count IV).

[2] Plaintiffs frequently refer to "Defendant's senior leaders" or "senior leadership" or "Board of Directors" as persons who have violated Title VII and Alabama law.

[3] Subparagraphs C and D appear to be arguments in response to Defendants' defenses or explanations which were made during the EEOC process: "Defendant purported three (3) primary reasons as to why four (4) lone Plaintiffs constitute an undue hardship upon the facility. These primary reasons are easily proven false given objective data available at the time, improperly provided to the EEOC, and were improperly relied upon by the EEOC in its decision" (doc. 1, p. 33); "In making its no-cause determination, the EEOC was called upon by Defendant to rely upon proffered explanations that were proven false in the aforementioned-paragraphs. … Defendant knew or should have known that such proffered statements were not true; thus, Defendant's proffered statements should not have been considered by the EEOC. . . . Accordingly, the EEOC's no-cause determinations regarding Plaintiffs' charges of discrimination against Defendant are tainted with intentionally made or reckless statements that are not based in fact." (Id., p. 43). In Subparagraph F, in part, Plaintiffs argue that certain remedial actions taken (Continued)

See, e.g., Curry v. Burwell, 2015 WL 12867004, at *3 (N.D. Ga. May 1, 2015) ("Citations to case law are never appropriate in a complaint, but rather may be raised at the time of trial or in an appropriate motion.").

The complaint also falls into the fourth shotgun pleading category.  Plaintiffs repeatedly combine their distinct claims by bringing a single count by all four Plaintiffs against all three Defendants without specifying which factual allegations are intended to support each Plaintiff's cause of action against each Defendant, and without making clear which of the Defendants are alleged to be responsible for each of the relevant acts or omissions alleged.

"[A] district court that receives a shotgun pleading should strike it and instruct counsel to replead the case—even if the other party does not move the court to strike the pleading."  Est. of Bass, 947 F.3d at 1358 (citing Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1357-58 (11th Cir. 2018)).  "In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.'"  Jackson, 898 F.3d at 1358 (quoting Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018)).  "Where a plaintiff fails to make meaningful modifications to her [shotgun] complaint, a district court may dismiss the case under the authority of either Rule 41(b) or the court's inherent power to manage its docket."  Weiland, 792 F.3d at 1321 n.10.

II. Conclusion

For the foregoing reasons, Plaintiffs' complaint (doc. 1) is **STRICKEN** as an impermissible shotgun pleading.  Plaintiffs are **GRANTED LEAVE** to file a first amended complaint on or before **October 27, 2022**.

---

by Defendants are evidence of their intent to discriminate. Plaintiffs also respond to certain "claims" allegedly made by Defendants (Id., p. 59-63).

In drafting the first amended complaint, Plaintiffs' counsel must keep in mind that Plaintiffs are not required to prove their claims in their complaint.  The purpose of Rule 8 is to give notice to the other parties in the form of a "short and plain statement of the claim showing that the pleader is entitled to relief;" not to formulate or discuss issues, make legal arguments or citations, or fully summarize the facts involved or the plaintiffs' legal positions or beliefs.  See Fed. R. Civ. P. 8(a).  Thus, Plaintiffs' first amended complaint must clearly and briefly set forth the facts in support of each Plaintiff's claim against each Defendant, and it should supply only the facts necessary to allow the Court to reasonably infer that the Defendants are liable for the misconduct alleged.  In addition, counsel must avoid the use of numerous and unnecessary adjectives, unnecessary argument and evidentiary information to rebut statements allegedly made by the Defendants, and avoid repeating the same allegations or conclusions multiple times.

Plaintiffs are hereby **cautioned** that the failure to timely plead a first amended complaint that corrects the deficiencies noted in this Order and complies with Rule 8 will result in the dismissal of this action for failure to comply with the Court's Order.

DONE this 12th day of October 2022.

 s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE