IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SLOAN HAMIL, JENNIFER SIGLEY, KATHERINE LOTT HOWERIN, and TINA WOLFE, <br><br>   Plaintiffs, <br><br> vs. <br><br> ACTS RETIREMENT-LIFE COMMUNITIES, INC., PRESBYTERIAN RETIREMENT CORPORATION, INC., and WESTMINSTER VILLAGE, <br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) )   CIVIL ACTION NO. 22-00366-KD-B |

**ORDER**

This action is before the Court on the Motion for Judgment on the Pleadings filed by Defendant ACTS Retirement-Life Communities, Inc.[1] (doc. 80), Plaintiffs' response in opposition (doc. 88), and Defendant's reply (doc. 90).

Defendant argues that judgment on the pleadings should be entered in its favor as to Count One of Plaintiffs' Amended Complaint (doc. 9). Count One is the sole remaining count. Plaintiffs sue under Title VII, 42 U.S.C. § 2000e, *et seq,* for religious discrimination (doc. 9, p. 23-24). They allege that Defendant discriminated against them by failing to accommodate their sincerely held religious beliefs which preclude them from receiving a Covid 19 vaccine (Id.).

Defendant argues that Plaintiffs "have not sufficiently pled what religious beliefs they hold and how that belief conflicted with Defendant's COVID-19 vaccination policy" (doc. 80, p.

1). Defendant argues that Plaintiffs "merely identify themselves as Christians" and "state their beliefs are 'based on biblically dictated scripture adopted [by Christians] but still do not identify what those beliefs are." (Id., p. 6).

With their response, Plaintiffs provided eight exhibits, including EEOC charges of discrimination and requests for religious exemptions from the vaccine which were given to Defendant's employees, in support of their argument that Count One is sufficiently pled (doc. 88). Plaintiffs argue that the Court can consider these exhibits without converting the Rule 12(c) motion into a Rule 56 motion for summary judgment because they fall within the exception for documents of which the Court may take judicial notice and the exception for documents that are central to Plaintiffs' claims and authenticity is not in dispute.

Federal Rule of Civil Procedure 12(c) provides that "After the pleadings are closed—but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. 12(c). However, "The district court generally must convert a motion to dismiss into a motion for summary judgment if it considers materials outside the complaint." Day v. Taylor, 400 F.3d 1272, 1275–76 (11th Cir. 2005). See also Barnett v. Baldwin Cty. Bd. of Educ., 60 F. Supp. 3d 1216, 1224 (S.D. Ala. 2014) ("[A] [c]ourt may not consider matters outside the pleadings without converting the [Rule 12(c)] motion into a motion for summary judgment.") (citing Fed. R. Civ. P. 12(d)). District courts enjoy wide discretion in deciding "whether to accept extra-pleading matter on a motion for judgment on the pleadings and treat it as one for summary judgment or to reject it and maintain the character of the motion as one under Rule 12(c)." 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. § 1371 (3d ed.).

---

[1] In the answer, ACTs states that it is the only properly named Defendant because Presbyterian Retirement Corporation, Inc. no longer exists, and Westminster Village is a trade name and was not the employing entity of any Plaintiff (doc. 34).

Here, materials outside of the First Amended Complaint have been presented. Factual issues are present and the time for discovery has closed. Therefore, the Court will address the motion for judgment on the pleadings as one for summary judgment. Accordingly, the Rule 12(c) Motion is **CONVERTED** to a motion for summary judgment pursuant to Rule 56.

Rule 12(d) states that when a motion is converted, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). Therefore, Defendant may supplement the record and its Motion on or before **December 6, 2024**. Plaintiffs shall file any response on or before **December 13, 2024**, and Defendant shall file any reply on or before **December 20, 2024**.

DONE and ORDERED this the 27th day of November 2024.

       s/ Kristi K. DuBose
KRISTI K. DuBOSE
UNITED STATES DISTRICT JUDGE